UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund; and John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,

Plaintiffs,

vs.

Green Light Architectural Sheet Metal, Inc.,

Defendant.

---

Civil File No. _____

**COMPLAINT**

Plaintiffs, for their Complaint against Defendant Green Light Architectural Sheet Metal, Inc. allege and state the following:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.      Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund.  The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).  The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2.      Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are also Trustees of the Twin City Carpenters Pension Master Trust Fund.

The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3.      Plaintiff John Raines, and any subsequently appointed successor, is also a Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to I.R.C. § 501(c)(3).

4.      Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the respective fringe benefit funds named herein and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

5.      Defendant Green Light Architectural Metal, Inc. is a business corporation registered in the State of Minnesota with an address of 350 Stevens Street, St. Paul, Minnesota.

6.      Defendant Green Light Architectural Metal, Inc. (hereinafter "Defendant") employs individuals in the construction industry and is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

7.      This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff Trustees of the respective Funds to collect unpaid fringe benefit contributions due per the terms of a collective bargaining agreement. Subject matter

4829-3640-0250.2

jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

8.     The trust funds and plans for which the Plaintiffs are trustees, are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**COUNT I**
**Failure to Submit Reports and Contributions**

9.     Since May 17, 2017, Defendant has been bound to the terms of a Collective Bargaining Agreement negotiated between the Associated General Contractors (AGC) and the North Central States Regional Council of Carpenters in relation to all work covered by that Agreement (hereinafter "the CBA").

10.     The CBA requires employers, such as Defendant, to make fringe benefit contributions to the Fund in accordance with their terms. These fringe benefit contributions must be made on behalf of all employees covered by the CBA for all hours worked in the geographic jurisdiction of the CBA in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

11.     Defendant, as employer bound to the CBA, is required to complete a report form with the information required by the Trustees, identifying each employee covered by the CBA and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month. All fringe fund reports and contributions

3

must be submitted to Wilson-McShane Corporation as the administrative agent designated by the Plaintiff Trustees.

12.    Defendant has breached the company's obligations under the CBA by failing to submit accurate monthly fringe fund remittance reports and pay the contributions due and owing for the months of February 2018 to the present.

13.    Upon information and belief, Defendant has employed individuals performing work covered by the jurisdiction of the CBA during these months and will continue to employ such individuals.

14.    Pursuant to ERISA §515 and §502(a)(2), Defendant is liable for all fringe benefit contributions owed for hours worked by covered employees between February 2018 and the present, or through the date of judgment.

15.    Every month, until this matter is resolved either through dismissal or through judgment, Defendant will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed.  If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, the Defendant will be delinquent for each such month.

16.    In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust fund for which Plaintiffs are Trustees is established.

4829-3640-0250.2

17.     In this instance, the Defendant is liable to the Plaintiffs for an additional 10% of the fringe benefit contributions disclosed to be due per the reports for the months of February 2018 to the present (or all reports owed through the date of judgment).   In addition, throughout the litigation of this matter, as set forth above, fringe benefit reports and payment for fringe benefit contributions will continue to become due.  If the Defendant fails to timely submit a report and/or payment for the fringe benefit contributions for any subsequent month, *e.g.* October 2018 contributions are due on November 15, 2018. Defendant will be liable to the Plaintiffs for an additional 10% of the fringe benefit contribution amounts disclosed by the Defendant on the report form for that particular month.

18.     Plaintiffs are entitled to their reasonable attorney fees and costs of this action pursuant to the CBA, the Agreements and Declarations of Trust under which the trust fund for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132.

19.     Defendant is  liable for all unpaid fringe benefit contributions owed pursuant to the CBA and ERISA §515 for February 2018 forward, liquidated damages, interest, and reasonable attorney's fees and costs as set forth in ERISA §502(g).

## COUNT II
### Right to Audit - May 2017 to present

20.     Plaintiffs re-allege and incorporate by reference herein, all preceding paragraphs.

21.     The CBA also requires employers, such as Defendant, to make available employment and payroll records for examination and audit by the Plaintiffs' Trustees or their authorized agents whenever such examination is deemed, by the Trustees, to be

necessary to the proper administration of the Plaintiff Funds and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

22.    Plaintiffs have requested that Defendant produce a complete set of all employment and payroll records for the period of May 2017 through March 2018 for the purpose of auditing Defendant's compliance with the terms of the CBA and compliance with Section 515 of ERISA. Plaintiffs have also been informed that Defendant has submitted incorrect or inaccurate reports, or no reports, for periods in which employees were working beginning in February 2018.

23.    Plaintiffs are entitled to an audit for the period of March 2017 forward and through the present.

24.    To date, Defendant has refused to allow an audit and has refused to produce the payroll, employment and business records requested by Plaintiffs' auditor.

25.    Upon information and belief, there have been hours worked by Defendant's employees during the audit period (May 2017 through the present) for which fringe benefit contributions were not reported or remitted.

26.    Unless Defendant is ordered to specifically perform the obligation to produce records and permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees. Therefore, in the absence of this court's order as requested, Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

27.    In addition to the fringe benefit contributions due per the audit, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions

4829-3640-0250.2

computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

28.     The CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitle the Plaintiffs to their reasonable attorney fees and costs of this action, and any costs incurred in performing the audit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendant Green Light Architectural Sheet Metal, Inc. as follows:

1.     For an order requiring Defendant to immediately submit the fringe benefit fund remittance reports for the months of February 2018 to the present, and all other months that become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees, and to further enjoin the Defendant from failing to timely submit reports and contributions.

2.     For judgment for amounts to be proven at trial for delinquent fringe benefit contributions shown to be owing pursuant to those reports for the period of February 2018 to the present, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

3.     A judgment ordering and adjudging that Defendant is required to produce for inspection and audit the following business records, for the audit period of May 2017 through the present:

7

    a.  All payroll registers or journals;

    b.  All time cards;

    c.  All Internal Revenue 941 quarterly reports;

    d.  All Form 1099s and 1096s;

    e.  All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

    f.  All payments to any individual for labor or services, regardless of whether the each Defendant classifies such individual as an employee or as a subcontractor;

    g.  All cash disbursement reports or journals;

    h.  All business checking account registers or journals;

    i.  All checking account bank statements including copies of all checks issued from the accounts;

    j.  All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

    k.  All records identifying the type of work performed by each employee and individual who has performed services for each of the Defendant; and

    l.  Any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs; that such production and inspection shall occur within ten (10) days of entry of this Court's Order requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

4.    A judgment against Defendant for all unpaid fringe benefit contributions and liquidated damages discovered to be due during the audit period of May 2017 through the present, plus all additional amounts to which the Plaintiffs are entitled, including an award of interest on the unpaid fringe benefit contributions through the date of the judgment or double interest if greater than the interest and liquidated damages.

4829-3640-0250.2

5.    An award of interest, liquidated damages and any other penalties available under ERISA §502(g).

6.    For an award of costs, disbursements and attorney fees according to law.

7.    For such other and future relief as the Court deems proper.


Date:  November 9, 2018.                    **KUTAK ROCK LLP**

By: _____
Amanda R. Cefalu (#309436)
Andrew Shedlock (#0395655)
60 South Sixth Street, Suite 3400
Minneapolis, MN  55402-4400
PH:  612-334-5000
amanda.cefalu@kutakrock.com
andrew.shedlock@kutakrock.com

*Attorneys for Plaintiffs*